IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARK ALLEN BELL           :
                          :   CIVIL ACTION
    v.                    :
                          :   NO. 20-2849
TOWNSHIP OF CHESTER, ET AL.   :

**MEMORANDUM**

**SURRICK, J.**                                                            **FEBRUARY 1, 2021**

In this civil rights action, Plaintiff asserts claims against Defendants after being arrested for using his cell phone to videotape an encounter between two police officers and a group of teenagers. Defendants now move for a partial dismissal of Plaintiff's Amended Complaint. (ECF No. 8.) For the reasons that follow, Defendants' Motion will be granted.

### I.    FACTUAL BACKGROUND

On October 21, 2019, at approximately 10:15 p.m., in Chester, Pennsylvania, Plaintiff was walking to his home when he observed young teenagers and two police officers on the other side of the street. (Am. Compl. ¶¶ 6, 7, ECF No. 6.) Plaintiff stopped walking to videotape the police encounter with his cell phone. (*Id*. ¶ 8.) Plaintiff estimates that the nearest police officer was standing 40 feet away from him. (*Id*.) When Defendant Chester Township Police Officer Pasquale Storace saw Plaintiff videotaping the scene, he accused Plaintiff of loitering. (*Id*. ¶ 10.) Plaintiff asserted that he was not loitering and not interfering with any police investigation. (*Id*. ¶ 12.) Officer Storace placed Plaintiff under arrest. (*Id*. ¶ 13.)

Plaintiff describes the arrest as "aggressive." (*Id*. ¶ 15.) Officer Storace grabbed Plaintiff's arm, placed him in handcuffs, searched him, and transported him to the Chester Township Police Department. (*Id*. ¶¶ 14, 15.) At the police station, Plaintiff was locked to a

bench, cited for loitering, and eventually told he could leave.  (*Id*. ¶ 16.)  Plaintiff estimates that by the time he could secure a ride from the police station it was past midnight.  (*Id*.)  On January 8, 2020, when Plaintiff appeared for trial in district court, Officer Storace withdrew all charges. (*Id*. ¶ 20.)

Based on these allegations, Plaintiff asserts the following claims in the Amended Complaint:  (1) First Amendment retaliation against Officer Storace in his official and individual capacities (Count I); (2) unreasonable search, unreasonable arrest, and false imprisonment under Section 1983 against Officer Storace in his official capacity (Count II) and individual capacity (Count IV); (3) a *Monell* claim against Chester Township (Count III); (4) malicious prosecution against Officer Storace in his official capacity (Count V) and individual capacity (Count VI); and (5) state law claims for false arrest, false imprisonment, malicious prosecution, unreasonable seizure, and intentional infliction of emotional distress against Officer Storace in his official capacity (Count VIII) and individual capacity (Count VII) and against Chester Township (Count IX).

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), "[a] pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  A motion under Rule 12(b)(6) tests the sufficiency of the complaint against the pleading requirements of Rule 8(a).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d. Cir. 2009). Courts need not accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ." *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. at 679. This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

Evaluation of a Rule 12(b)(6) motion entails a three-step analysis: (1) "[the district court] must tak[e] note of the elements [the] plaintiff must plead to state a claim"; (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth'"; and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679). The plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## III.     DISCUSSION

Defendants seek to dismiss: (1) the claims for malicious prosecution against Officer Storace (Counts V & VI); (2) all state law claims asserted against Chester Township (Count IX); and (3) all state law claims asserted against Officer Storace in his official capacity (Count VIII).[1]

### A.     Malicious Prosecution Claim Against Officer Storace (Count V & Count VI)

Plaintiff asserts claims for malicious prosecution against Officer Storace in his individual and official capacities. To assert a cause of action for malicious prosecution under 42 U.S.C. § 1983, a plaintiff must allege the following:

> (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*McKenna v. City of Philadelphia*, 582 F.3d 447, 461 (3d Cir. 2009).

Defendants argue that Plaintiff has failed to allege facts that satisfy the fifth element— "the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Id.* Specifically, Defendants argue that Plaintiff's brief detention while he was transported to the police station and issued a citation does not constitute a seizure in the context of malicious prosecution under § 1983.

A malicious prosecution claim is "intended to redress [the] deprivation of liberty accompanying prosecution, not prosecution itself." *DiBella v. Borough of Beachwood*, 407 F.3d

---

[1] Defendants also seek to dismiss all Section 1983 claims that were asserted in Counts II and V against Officer Storace in his official capacity. These claims include unreasonable search, unreasonable arrest, and false imprisonment (Count II), and malicious prosecution (Count V). Defendants argue that these claims asserted against Officer Storace in his official capacity are redundant because Plaintiff asserts a *Monell* claim against Chester Township. Plaintiff concedes that these claims are redundant and should be dismissed.

4

599, 603 (3d Cir. 2005) *see also Roberts v. Caesar's Entm't, Inc*., 72 F. Supp. 3d 575, 581 (E.D. Pa. 2014) ("The claim arises from the prosecution, not the arrest."). The deprivation of liberty must flow from the prosecution, not the arrest, and "must occur chronologically after the pressing of charges." *Basile v. Twp. of Smith*, 752 F. Supp. 2d 643, 659 (W.D. Pa. 2010). "What matters are the conditions imposed after the prosecution began." *Roberts*, 72 F. Supp. 3d at 581. In other words, "[w]hat occurred prior to the prosecution, that is, the time between arrest and the lodging of formal charges, is not a basis for a malicious prosecution claim." *Id*.

Plaintiff has failed to show that he suffered a deprivation of liberty for purposes of a malicious prosecution claim. He alleges that he was "aggressively" placed in the police vehicle and taken to the Chester Township Police Department, where he was "locked to a bench," issued a citation for loitering, and released. (Am. Compl. ¶ 15, 16.) Although these allegations constitute seizure for purposes of the Fourth Amendment, they are not enough for a malicious prosecution claim. *McKenna*, 582 F.3d at 461. This is because a brief detention associated with an arrest, without more, does not constitute a seizure "as a consequence of a legal proceeding." *See Laufgus v. Patterson*, 206 F. App'x 196, 198 (3d Cir. 2006) (holding that the appellant's arrest and subsequent two-hour detention did not constitute a seizure for purposes of a malicious prosecution claim because "they were not made pursuant to a warrant and occurred prior to the filing of any criminal complaint"); *see also Basile*, 752 F. Supp. 2d at 659 (holding that interrogation that occurred "at the police station *prior* to the initiation of criminal charges" and attendance at a preliminary hearing did not constitute a seizure for purposes of a malicious prosecution claim); *cf. Gallo v. City of Philadelphia*, 161 F.3d 217, 222 (3d Cir. 1998) (finding it a "close call" that the plaintiff was "seized" in a malicious prosecution case where the plaintiff was required to post a $10,000 bond, attend all court hearings including his trial and arraignment,

contact Pretrial Services on a weekly basis, and not travel outside of New Jersey and Pennsylvania).

Plaintiff has only alleged a seizure associated with his arrest. He has not alleged any deprivation of liberty associated with the loitering charge lodged against him. His appearance for the trial does not constitute a seizure as a consequence of a legal proceeding. *See DiBella v. Borough of Beachwood*, 407 F.3d 599, 603 (3d Cir. 2005) (holding that "attending one's trial is not a government 'seizure' in a . . . malicious prosecution action for violation of the Fourth Amendment"). Accordingly, Plaintiff has failed to state a § 1983 claim for malicious prosecution. *See McCormack v. Livergood*, 353 F. Supp. 3d 357, 466-67 (M.D. Pa. 2018) (holding that plaintiff's arrest and detainment by police was not sufficient to constitute seizure for purposes of a § 1983 malicious prosecution claim because the seizure occurred before arraignment); *Lopez v. Maczko*, No. 07-1382, 2007 WL 2461709, at *3 (E.D. Pa. Aug. 16, 2007) (dismissing § 1983 malicious prosecution claim where the "only seizure is the plaintiff's arrest" which "occurred prior to the initiation of criminal proceedings"). Counts V and VI will therefore be dismissed.

### B. State Law Claims Against Chester Township (Count IX)

In Count IX, Plaintiff asserts state law claims for false arrest, false imprisonment, malicious prosecution, and intentional infliction of emotional distress against Chester Township on a theory of respondeat superior. Defendants seek to dismiss Count IX, arguing that the claim is barred by the Pennsylvania Political Subdivision Tort Claims Act ("PSTCA"), 42 Pa. Cons. Stat. Ann. §§ 8541, *et seq*.

The PSTCA grants local agencies immunity from "damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other

person." 42 Pa. Cons. Stat. Ann. § 8541.  Chester Township is a "local agency" under the statute.  *Id*. § 8501.  The PSTCA provides eight narrow exceptions to immunity.  *Id*. § 8542(b).  The exceptions are:  (1) vehicle liability; (2) care, custody or control of personal property; (3) real property; (4) trees, traffic controls, and street lighting; (5) utility service facilities; (6) streets; (7) sidewalks; and (8) care, custody, or control of animals.  *Id*. § 8542(b).  Plaintiff's claims against Chester Township for false arrest, false imprisonment, malicious prosecution and intentional infliction of emotional distress do not fit within any of those narrow exceptions.  *See Johnson v. Sch. Dist. of Phila.*, No. 06-4826, 2008 WL 3927381, at *10 (E.D. Pa. Aug. 21, 2008) (dismissing claims for false arrest, false imprisonment, malicious prosecution and intentional infliction of emotional distress because they "do not fit within any of the [PSTCA's] eight narrow exceptions").  Accordingly, the state law claims against Chester Township will be dismissed.[2]

### C. State Law Claims Asserted Against Officer Storace in his Official Capacity (Count VIII)

Plaintiffs assert state law claims for false arrest, false imprisonment, malicious prosecution, and intentional infliction of emotional distress against Officer Storace in his

---

[2] Relying on Section 8550 of the PSTCA, Plaintiff argues that Chester Township is not granted immunity for the state law claims because Officer Storace's actions constitute willful conduct.  *See* 42 Pa. Cons. Stat. Ann. § 8550.  However, immunity under the PSTCA is abrogated with respect the willful acts of employees only; it does not apply to local agencies such as Chester Township.  *See id*.; *see also Travis v. Deshiel*, 832 F. Supp. 2d 449, 454 n.4 (E.D. Pa. 2011) ("Section 8550 of the Act jettisons only those immunities held by municipal employees and only then for forms of willful misconduct.  This section does not, however, abrogate the general retention of municipal immunity.'" (citation and internal quotation marks omitted)).

individual and official capacities.  Defendants argue that the state law claims asserted against Officer Storace in his official capacity should be dismissed as redundant.[3]  We agree.  *See Cruz v. City of Philadelphia*, No. 07-493, 2007 WL 2317372, at *4 (E.D. Pa. Aug. 7, 2007) (dismissing state law claims against defendants in their official capacity for malicious prosecution, negligent and intentional infliction of emotional distress, unlawful seizure and prosecutorial misconduct as they "are redundant to claims asserted against the municipality of which they are officials").  Plaintiff's rights are still protected.  His state law individual capacity claims against Officer Storace survive.  Accordingly, all state law claims asserted against Officer Storace in his official capacity will be dismissed.

## IV.    CONCLUSION

For the reasons stated above, Defendants' Partial Motion to Dismiss will be granted.  An appropriate Order follows.

**BY THE COURT:**

*/s/ R. Barclay Surrick*
**R. BARCLAY SURRICK, J.**

---

[3] Defendants actually request that the Court strike the claims as redundant, not dismiss them.  However, striking entire claims from a pleading is effectively the same as dismissing the claims.